IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN COLLETT,                        )
                                      )
    Plaintiff,                       )
                                      )
    v.                               )   Civil Action No. 18-640
                                      )
                                      )
NANCY A. BERRYHILL,                   )
COMMISSIONER, SOCIAL                  )
SECURITY ADMINISTRATION,              )
                                      )
    Defendant.                       )

O R D E R

AND NOW, this 30th day of August, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 17), filed in the above-captioned matter on December 10, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 15), filed in the above-captioned matter on November 8, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**    **Background**

On May 29, 2014, Plaintiff Shawn Collett filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Specifically, Plaintiff claimed

that he became disabled on April 1, 2014, due to various impairments, including COPD, emphysema, hypertension, and sleep apnea. (R. 298).

After being denied initially on October 21, 2014, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on February 16, 2017. (R. 34-83). In a decision dated April 11, 2017, the ALJ denied Plaintiff's request for benefits. (R. 10-23). The Appeals Council declined to review the ALJ's decision on March 15, 2018. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110,

2

114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the

criteria for a listed impairment ("Listing").  See 20 C.F.R. § 404.1520(a)(4)(iii).  If a claimant meets a Listing, a finding of disability is automatically directed.  If the claimant does not meet a Listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).  If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  See 20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience.  See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  See 20 C.F.R. § 404.1523.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had engaged in substantial gainful activity during the first and fourth quarters of 2015, but that there had been a continuous 12-month period during which he did not engage in substantial gainful activity.  (R. 12).  The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, specifically, COPD/Asthma/Emphysema/Chronic rhinitis, lung nodules/granuloma, pulmonary heart disease, paroxysmal tachycardia, mitral valve prolapse

syndrome, pulmonary hypertension, infiltrative cardiomyopathy, lower extremity varicose veins, nocturnal hypoxemia, shift work disorder, cervical osteoarthritis/stenosis/radiculopathy, adjustment disorder, generalized anxiety disorder, and dysthymia. (R. 12). The ALJ further concluded that Plaintiff's impairments did not meet any of the Listings that would satisfy Step Three. (R. 13).

The ALJ next found that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except he can never climb a ladder, rope, or scaffold; can never crawl; can only occasionally push, pull, or operate foot controls with the lower extremities; can only occasionally climb ramps and stairs; can only occasionally balance, stoop, kneel, or crouch; can only frequently reach in all directions, push, pull, grasp, finger, or feel bilaterally; must avoid even moderate exposure to temperature extremes, wetness, and humidity; must avoid even moderate exposure to gases, fumes, and like respiratory irritants; must avoid all exposure to unprotected heights, dangerous machinery, like workplace hazards and operation of a motor vehicle; and is limited to a low stress work environment, which means no production rate pace, but, rather, goal oriented work with no more than occasional change in work setting, but which does not require change in work method. (R. 15).

At Step Four, the ALJ found that Plaintiff was capable of performing past relevant work as a security guard as it was actually performed, noting that such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (R. 21-22).

Accordingly, the ALJ found that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 1, 2014 through the date of his decision. (R. 22).

5

**IV.     Legal Analysis**

Plaintiff raises a single argument as to why he believes that the ALJ erred in finding him to be not disabled, and the Court agrees that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not properly explain the basis for his determination that Plaintiff retains the RFC to perform his past relevant work at Step Four of the sequential evaluation process, the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

As explained, supra, the ALJ must determine at Step Four whether the claimant has the RFC to perform his or her past relevant work. See 20 C.F.R. § 404.1520(a)(4)(iv). The RFC describes work that a claimant can do 8 hours a day, 5 days a week. See SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Past relevant work is work that a claimant has done within the past 15 years, lasted long enough for him to learn to do it, and constituted substantial gainful activity. See 20 C.F.R. § 404.1560(b)(1). Notably, work activity may be considered substantial even if it is done on a part-time basis. See 20 C.F.R. § 404.1572(a). Ultimately, if a claimant has the RFC to perform past relevant work, the claimant is deemed to be not disabled and the inquiry ends.

Here, the ALJ found that Plaintiff was capable of performing his past relevant work as a security guard as it was actually performed. Upon close review of the decision, however, the Court finds that the ALJ's analysis does not clearly explain that Plaintiff can perform such work on a full-time basis, rather than on only a part-time basis as he has performed it in the past. Although it could be inferred that the ALJ intended to find that Plaintiff would be able to perform such work on a full-time basis, the Court is struck by the fact that, in describing Plaintiff's position as a security guard, the ALJ repeatedly emphasized the part-time nature of that work. In fact, the ALJ used that part-time nature to explain why Plaintiff would continue to

6

be able to perform such work, regardless of Plaintiff's objections based on necessary time off-duty. For example, the ALJ explained that Plaintiff's argument that part-time work would violate employer tolerance limits regarding off-duty time is without merit because the "very nature of the position performed as past relevant work by the claimant is part-time." (R. 22). The ALJ went on to describe Plaintiff's testimony describing his schedule as "occasionally providing two or three days of work per week." (R. 22). Finally, the ALJ concluded that "the claimant, even if limited to work only three days per week, would continue to be capable of performing the requirements of this past work." (R. 22).

Thus, the ALJ's analysis emphasizing the part-time nature of Plaintiff's past work as a security guard creates confusion regarding the soundness of the conclusion that Plaintiff can perform such work on a full-time basis in accordance with the RFC and is therefore not disabled. Accordingly, the Court finds that the ALJ did not clearly explain whether Plaintiff could perform his past work as a security guard on a full-time basis in accordance with the RFC. The Court therefore also finds that the ALJ's decision is not supported by substantial evidence. While the ALJ is certainly permitted to find that Plaintiff is capable of performing his past relevant work, the Court finds that the ALJ's justification for such conclusion, which includes somewhat confusing discussion and seemingly contradictory assertions, is simply insufficient here. Thus, remand is required to allow for further discussion as to the ALJ's evaluation of the evidence in this regard, along with his ultimate decision in Plaintiff's case. Further, the ALJ should verify that his conclusions concerning Plaintiff's RFC—as well as his findings regarding the credibility of all of Plaintiff's symptoms—are fully explained, in order to eliminate the need for any future remand.

## V. Conclusion

In short, because the ALJ failed to properly explain his conclusion that Plaintiff retains the RFC to perform his past relevant work, the Court finds that substantial evidence does not support the ALJ's determination in that regard or his ultimate decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch  
United States District Judge

ecf:	Counsel of record